# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JASON FREEMAN, | ) |
| Petitioner, | ) |
| v. | ) No. 4: 05-CV-1283 CAS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Jason D. Freeman's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government responded by filing a motion to dismiss. The Court will deny Freeman's motion for the reasons set forth below.

### I. BACKGROUND

On April 22, 2004, Freeman pled guilty to one count of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. 922(g)(1). The government dismissed the remaining seven counts of the superseding indictment, contingent upon Freeman's compliance with the terms and conditions of his plea agreement. The Court sentenced Freeman to 100 months imprisonment and four years supervised release. Freeman did not file a direct appeal.

The plea agreement specifies that the Court is neither a party to nor bound by the agreement, recommendations, and stipulations included therein. (Plea at 1.) Specifically, the plea agreement states that "the defendant fully understands the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not less than five years and not

more than 40 years . . ." (Plea at 11.) Due to Freeman's possession of a firearm in connection with the charged offense, the plea agreement also stipulates the addition of two levels "pursuant to 2D1.1(b)(1). (Plea at 7.) With respect to the Sentencing Guidelines, the plea emphasizes the Court's discretion, stating that "the Court's decision as to the appropriate Guideline levels and calculations will govern at sentencing and could vary upward or downward from the parties' recommendation stated in this document . . ." (Plea at 9.)

Pursuant to the plea agreement, both parties waived their right to appeal all non-jurisdictional issues, namely the sentence imposed and issues related to the establishment of the total offense level or criminal history category determined by the Court. (Plea at 2-3.) Freeman further consented to waive his right to contest his conviction or sentence in any post-conviction proceeding, including a § 2255 motion. (Plea at 3.) Freeman acknowledged his voluntary agreement to the terms by signing the agreement on April 22, 2004. (Plea at 15.)

Freeman now moves pro se to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that his sentence: (1) violates his signed plea agreement; (2) contains an improper two-point enhancement for a firearms charge; and (3) would have been different if the sentencing guidelines were not used. Specifically, he requests that the Court "reduce his sentence to the original plea of 60 months and drop the two-point firearm enhancement." (Mot. at 14.)

The government contends that Freeman knowingly and expressly waived his right to file a § 2255 motion, unless asserting a claim of: (1) ineffective assistance of counsel or (2) prosecutorial misconduct. The government argues that Freeman failed to allege either of the above claims and requests the dismissal of his § 2255 motion.

## II. DISCUSSION

As a general rule, waivers are enforceable. United States v. Goings, 200 F.3d 539, 543 (8th Cir. 2000). However, the decision to be bound by the provisions of a plea agreement, including its waiver provisions, must be knowing and voluntary. See De Roo v. United States, 223 F.3d 919 (8th Cir. 2000) (citing United States v. Morrison, 171 F.3d 567, 568 (8th Cir. 1999)). Where a petitioner makes a knowing and voluntary waiver of his right to bring a section 2255 action as part of his plea agreement, he waives his ineffective assistance argument with respect to sentencing. See Allen v. United States, No. 01-2670, 2002 WL 857567 (8th Cir. May 7, 2002) (per curiam). However, a defendant cannot waive his right to appeal an illegal sentence or a sentence imposed in violation of the terms of a plea agreement. De Roo, 223 F.3d at 923 (citing United States v. Michelson, 141 F.3d 867, 872 (8th Cir.) cert. denied, 525 U.S. 942 (1998)) .

Upon review of the record, including the signed plea agreement and the transcript from the plea colloquy, the Court determines that Freeman knowingly and voluntarily waived his right to bring a § 2255 motion. The record indicates that Freeman cooperated and accepted the terms of the plea agreement in exchange for no further federal prosecution relative to his use, possession, distribution, or manufacture of methamphetamine or his use or possession of firearms. (Plea at 2.)

The Court notes that Freeman specifically alleges flaws with respect to his sentencing. Although he does not explicitly argue ineffective assistance of counsel, Freeman's allegations imply that his dissatisfaction stems, in part, from his legal representation. Accordingly, the Court will address the substance of his arguments below.

### A. Plea Agreement

Freeman claims that his sentence violates the plea agreement, arguing that he signed a plea agreement containing a 60-month (five year) sentence, but received a 100-month sentence. This claim is refuted by the plain language of the plea agreement. The plea agreement states that "the defendant fully understands the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not less than five years and not more than 40 years . . ." (Plea at 11.) Freeman's 100-month sentence falls well within the agreed upon punishment range. Further, the plea agreement specifies that the Court is neither a party to nor bound by the agreement, recommendations, and stipulations included therein. (Plea at 1.) Thus, any sentence recommended within the text of the agreement has no binding effect on the Court.

Freeman maintains that he would not have signed the plea agreement if he had known his sentence would be 100 months. However, Freeman acknowledged his voluntary agreement to the terms by signing the agreement on April 22, 2004. (Plea at 15.) Therefore, Freeman's first claim that his sentence violates the plea agreement is without merit.

### B. Two-Point Enhancement

Freeman next argues that he received an improper two-point enhanced sentence for possession of firearms. He contests the two-point enhancement, asserting that he was never charged with possession of firearms. The plea agreement stipulated the addition of two levels "pursuant to 2D1.1(b)(1) because defendant possessed a dangerous weapon, specifically, a firearm, in connection with the charged offense." (Plea at 7.) Moreover, a district court may enhance a defendant's sentence based on its own fact findings, provided that the district court recognizes the guideline scheme to be merely advisory and does not enhance the sentence beyond the statutory maximum. See

4

United States v. Idriss, 436 F.3d 946, 950-951 (8th Cir. 2006) (citing United States v. Booker, 543 U.S. 220, 245, 259-265 (2005)). Here, even with the two-point enhancement for possession of firearms, Freeman's imposed sentence falls below the 40-year statutory maximum. Thus, his second argument that the sentence was improper due to the two-point enhancement fails.

Freeman also alleges that he signed the plea agreement, notwithstanding the two-point enhancement, because counsel: (1) advised him that the prosecutor refused to delete the enhancement and (2) led him to believe the enhancement would be dropped at sentencing. A defendant's claim that counsel improperly advised him regarding the potential sentence fails if the minimum and maximum sentences were set out in the plea agreement and explained by the court. See United States v. Enriquez, 205 F.3d 345 (8th Cir. 2000). Freeman was apprised of the minimum and maximum penalties both in the plea agreement and in court at the time of his plea. Therefore, counsel's advice bore no consequence with respect to Freeman's 100-month sentence.

Freeman, however, maintains that he would not have signed the plea agreement, but for his attorney's representations. Assuming, *arguendo*, Freeman intended to allege ineffective assistance of counsel, his claim must satisfy both prongs of the Strickland standard, i.e., (1) deficient attorney performance and (2) prejudice as a result. See Strickland v. Washington, 466 U.S. 668 (1984).

To the extent that Freeman claims ineffective assistance of counsel, his claim fails for want of prejudice. Even if counsel erred by falsely promising that the two-point enhancement would be dropped, Freeman was not prejudiced as a result of counsel's error. On the contrary, Freeman received a 100-month sentence when he could have received the maximum sentence of 480 months. As noted previously, Freeman's 100-month sentence is less than the prescribed maximum penalty of 40 years. Therefore, Freeman's sentence is consistent with the accepted punishment range, and

5

any claim of ineffective assistance of counsel, explicit or implicit, cannot succeed.

### C. Sentencing Guidelines

Freeman's final claim is that he would not have received the same sentence if the Sentencing Guidelines were not used. Freeman is correct in his assertion that the sentence could vary according to the Guidelines employed by the Court. However, the plea agreement specifically states that "the parties agree and understand that the Court, in its discretion, may apply any Guidelines not addressed in this document" and that "the Court's decision as to the appropriate Guideline levels and calculations will govern at sentencing and could vary upward or downward from the parties' recommendation stated in this document . . ." (Plea at 9.) Freeman further notes that this Court gave him the low end of the range after the judge stated that he thought five years (60 months) was a long time. This Court notes that its personal impressions concerning the sentence length do not provide adequate grounds for reducing that sentence under § 2255. The Court exercised proper discretion in determining the length of Freeman's sentence. Based on the above, the Court holds that Freeman's sentence was appropriate.

### III. CONCLUSION

For all of the foregoing reasons, the Court concludes that Jason D. Freeman's § 2255 motion should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Jason Freeman's motion to vacate, set aside, or correct his sentence is **DENIED**. (Doc. 1.)

**IT IS FURTHER ORDERED** that a certificate of appealability shall not be issued in this case as the Court concludes that Freeman has not made "a substantial showing of the denial of a

constitutional right," 28 U.S.C. §2253(c)(2), or demonstrated that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack v. McDaniel, 529 U.S. 47, 484 (2000)).

**IT IS FURTHER ORDERED** that the government's motion to dismiss be granted. (Doc. 3.)

**IT IS FURTHER ORDERED** that this case is dismissed.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this 1st day of August, 2006